THE USERS & DEALERS OIL CO., APPELLANT, *v.* THE
PURE OIL CO., APPELLEE.

(Decided June 21, 1938.)

*Mr. Elmer McClain,* for appellant.
*Messrs. Meredith & Meredith,* for appellee.

BY THE COURT. This is an appeal on questions of
law from a judgment of the Municipal Court of Lima,
in a case pending therein, wherein the appellant, The
Users & Dealers Oil Company, was plaintiff and the
appellee, The Pure Oil Company, was defendant.

The sole question raised by the appeal is whether
the Municipal Court of Lima may assess all jury costs
against the plaintiff where the defendant sued on a
counterclaim and the jury returned a verdict of no
cause of action against both plaintiff and defendant.

Sections 11624 and 11627, General Code, contemplate
that a defendant in an action brought against him for
the recovery of money only may interpose any defense
he may have to such action, and also set up any coun-
terclaim or set-off he may have thereto, and that there

shall be separate findings on the cause of action of the plaintiff and the counterclaim or set-off of the defendant, but only one judgment and that in favor of the party prevailing on the whole case; and in event there is a judgment in favor of plaintiff in such action costs shall be allowed plaintiff as a matter of right; and on the other hand, if there is a judgment in favor of defendant in such action, whether by reason of a finding against plaintiff on his cause of action or by reason of a finding that the counterclaim or set-off of the defendant equals or exceeds in amount the finding on the cause of action of the plaintiff, or by reason of the fact of a finding against plaintiff on his cause of action and a similar finding against the defendant on his counterclaim or set-off, the defendant is allowed costs as a matter of right. *Gordon* v. *Steinmetz*, 71 Ohio St., 372, 73 N. E., 512.

In the instant case there was a finding against plaintiff on its cause of action and a finding against the defendant on its counterclaim or set-off and therefore on the whole of the case the judgment in the case was in favor of the defendant. The judgment being in favor of the defendant, it was, under the provisions of Section 11627, General Code, above mentioned, entitled to have judgment against the plaintiff for all the costs in the case including costs of the jury. The judgment awarding the costs of the jury, in favor of defendant and against plaintiff was therefore not erroneous as to plaintiff.

The error of the court in taxing costs was in failing to tax all the costs against the plaintiff, but as the defendant has filed no cross-appeal the judgment of the Municipal Court will not be modified in this respect, but will be affirmed without modification.

*Judgment affirmed.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.